## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 97-301(1) (RHK/JMM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| JOSEPH J. COBBS, | |
| Defendant. | |

This matter is presently before the Court on Defendant's self-styled "Request For Sentencing Transcripts." (Docket No. 32.) Defendant is asking for a free copy of the transcript from his sentencing hearing in this matter, which was conducted on March 16, 1998. He apparently intends to challenge the conviction and/or sentence entered against him in this matter, presumably by bringing a motion under 28 U.S.C. § 2255, and he apparently believes that the transcript from the sentencing hearing will assist him in that endeavor.

However, a federal prisoner is <u>not</u> automatically entitled to free copies of transcripts for use in connection with § 2255 post-conviction proceedings. The applicable statute, 28 U.S.C. § 753(f), provides that

> "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose <u>if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal</u>." (Emphasis added.)

This statute clearly indicates that free transcripts do not have to be provided to indigent post-conviction petitioners in every case. "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have

the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993). "[I]t is clear that a majority of the [Supreme] Court [has] concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case." United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979).

In this case, Defendant has not identified any specific need for the transcript he is requesting. Indeed, it appears that Defendant is seeking a free transcript simply to peruse it, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, free transcripts will not be provided for such purposes. Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964) ("'[a]n indigent [criminal defendant] is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw'") (per curiam), quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); Prince v. United States, 312 F.2d 252, 253 (10th Cir. 1962) (per curiam) ("[t]here is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies"); Fadayiro v. United States, 30 F.Supp.2d 772, 780 (D.N.J. 1998) ("[s]ection 753(f) prevents the situation in which an indigent prisoner obtains a free transcript merely to 'search for error in an attempt to generate a basis for collaterally attacking a conviction'"), quoting United States v. Marias, No. Crim. A. 92-256-2, (E.D.Pa. 1995), 1995 WL

221353 at *1.[1]

Because Defendant has not shown a genuine need for a transcript, in order to support <u>a specific claim in a pending proceeding</u>, he is not entitled to the free transcript he is seeking. The Court further notes that it is now much too late for Defendant to challenge his conviction or sentence in a motion brought under 28 U.S.C. § 2255, (which is the only permissible means for bringing such a challenge). <u>See</u> 28 U.S.C. § 2255 [ ¶ 6 ] (establishing a one-year statute of limitations for post-conviction challenges by federal prisoners). Therefore, even if Defendant could identify some specific ground(s) for challenging his conviction or sentence, he could not bring such a challenge at this late date. For this additional reason, the Court finds that Defendant is not entitled to any free transcripts in this case.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Defendant's "Request For Sentencing Transcripts," (Doc. No. 32), is **DENIED**.

Dated: July 13, 2006

                                                          s/Richard H. Kyle
                                                          RICHARD H. KYLE
                                                          United States District Court Judge

---

[1] The cases cited by Defendant are inapposite. In <u>United States Department of Justice v. Julian</u>, 486 U.S. 1 (1988), the Court held that a prisoner could sue the Justice Department under the Freedom of Information Act to obtain a copy of his pre-sentence report, after the Justice Department denied his administrative request for the report. In <u>Boddie v. Connecticut</u>, 401 U.S. 371 (1971), the Court held that a woman could not be barred from seeking a divorce in state court because she was unable to pay the filing fee. Neither of these cases supports Defendant's current request for a free copy of his sentencing transcript so he can look for grounds to challenge his conviction and/or sentence in a post-conviction proceeding.